UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

0**7** - **6189** Case No.: CIV-ALTONAGA MAGISTRATE JUDGE
TURNOFF

ROSTELL JUSTICE,                                    )
                                                    )
            Plaintiff,                              )
                                                    )
v.                                                  )
                                                    )
NICHOLAS LAMANNA, individually,                     )
and ALFRED T. LAMBERTI, as SHERIFF )
of BROWARD COUNTY, Florida,                         )
                                                    )
            Defendants.                             )
_____ )

FILED by _____ D.C.
DKTG

DEC 2 6 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## COMPLAINT
## INTRODUCTORY STATEMENT

1.      This is a civil action seeking money damages in excess of $15,000 dollars,

exclusive of costs, interest, and attorney's fees, against NICHOLAS LAMANNA, individually, and

ALFRED T. LAMBERTI, as SHERIFF of BROWARD COUNTY, Florida.

2.      This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.  The United States District

Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28

U.S.C. § 1331 and 28 U.S.C. § 1343.  Plaintiff further invokes the supplemental jurisdiction of the

United States District Court to hear pendant State tort claims arising under State law, pursuant to 28

U.S.C. § 1367(a).

3.      Plaintiff has fully complied with all conditions precedent to bringing this

action imposed by the laws of the State of Florida, and particularly by the provisions of §768.28

of the Florida Statutes.

## PARTIES

4. Plaintiff ROSTELL JUSTICE [hereinafter Plaintiff or Plaintiff JUSTICE] is a citizen and resident of Broward County, Florida.

5. At all times referred to herein, Defendant NICHOLAS LAMANNA [hereinafter LAMANNA or Defendant LAMANNA] was employed as a deputy sheriff for Defendant ALFRED T. LAMBERTI, as successor SHERIFF of BROWARD COUNTY, and was acting under the direction and control of Defendant ALFRED T. LAMBERTI, as SHERIFF of BROWARD COUNTY, in such capacity as an agent, servant and employee of ALFRED T. LAMBERTI, as SHERIFF of BROWARD COUNTY.

6. Defendant ALFRED T. LAMBERTI, as SHERIFF of BROWARD COUNTY [hereinafter Defendant BROWARD SHERIFF's OFFICE or Defendant ALFRED T. LAMBERTI, as SHERIFF of BROWARD COUNTY] is the successor SHERIFF of BROWARD COUNTY, Florida. In this cause, Defendant ALFRED T. LAMBERTI, as SHERIFF of BROWARD COUNTY, acted through his agents, employees, and servants, including Defendant LAMANNA, and others.

7. Plaintiff sues Defendant LAMANNA in his individual capacity.

## FACTS COMMON TO ALL COUNTS

8. On Sunday, December 28, 2003, a birthday celebration was planned at Plaintiff's residence, located at 2025 N.W. 21st Avenue, Fort Lauderdale, Broward County, Florida, in recognition of Plaintiff's 70th birthday.

9. At the time of the party, Plaintiff granted permission for Sarita Johnson, his adult grandniece, and Ronnie Hoggins, her then-boyfriend, to sell Stereo 8 tapes (commonly referred

2

to as 8-track tapes) in front of Plaintiff's residence.

10.     Johnson and Hoggins placed a sign on Johnson's vehicle, which was parked in the swale in front of Plaintiff's residence.

11.     At all times material hereto, Plaintiff's residence included a semi-circle drive in the front yard, with a swale area between the sidewalk and street.  Abutting the sidewalk was a fence surrounding Plaintiff's property, with gates allowing vehicular and pedestrian traffic into the semi-circle drive.

12.     At all times material hereto, one of the gates was completely removed to allow guests to drive their vehicles from the front to the back of Plaintiff's property, which could accommodate approximately twenty (20) or more vehicles.

13.     At approximately 3:00 p.m., Defendant LAMANNA stopped to investigate the sale of the tapes, based on Defendant LAMANNA's belief that the sale was in violation of Broward County Ordinance § 39-105, which makes it unlawful to "sell, dispense, offer for sale or distribute any item or items from temporary wayside stands except as permitted for farm products in the agricultural, estate and rural zoning districts."

14.     At all times material hereto, Defendant LAMANNA parked his marked police vehicle in such a manner that it obstructed access to the driveway of Plaintiff's residence, thereby preventing vehicles from entering Plaintiff's residence and parking in the back yard.

15.     Ronnie Hoggins allegedly provided Defendant LAMANNA with his social security card as identification, whereupon Defendant LAMANNA concluded that "based on the actions of the still unidentified individual and the inability to provide any picture identification, I believed there was a well-founded suspicion that the suspect had committed, is committing or is

3

about to commit a violation of the criminal law."

16.    Defendant LAMANNA thereafter allegedly "attempted to initiate a temporary investigative detention of the individual for the purpose of ascertaining his identity and the circumstances surrounding his presence at the location."

17.    While standing approximately fifteen (15') feet inside the fence line along the front of his property, Plaintiff observed Defendant LAMANNA on the other side of the fence, standing in the swale between the sidewalk and the street.

18.    Plaintiff asked Defendant LAMANNA: "Sir, what's the problem?"

19.    Defendant LAMANNA replied: "Who are you?"

20.    Plaintiff provided his name and explained to Defendant LAMANNA that Plaintiff's guests were blocked from entering Plaintiff's residence due to the manner in which Defendant LAMANNA parked his police vehicle, and asked Defendant LAMANNA if he would move his vehicle.

21.    Defendant LAMANNA explained that the sale of the 8-track tapes was illegal because the swale was public property, whereupon Defendant LAMANNA threatened to arrest Plaintiff as well, in the absence of probable cause that Plaintiff committed any criminal offense.

22.    Plaintiff subsequently contacted 911 and requested police assistance.

23.    While Plaintiff was on the phone with the police dispatcher, Plaintiff's college age granddaughter, Chantell Justice, knocked on the front door of Plaintiff's residence, whereupon Leon Pearson opened the door.

24.    Defendant LAMANNA entered Plaintiff's property and rushed inside Plaintiff's residence without a warrant, and began fighting with Leon Pearson.

4

25.     Based on information and belief, Defendant LAMANNA was seeking to detain Ronnie Hoggins, who unbeknownst to Plaintiff, fled from the swale area in front of Plaintiff's residence as Plaintiff was on the phone with 911.

26.     As Plaintiff continued speaking with 911, Plaintiff looked inside his residence and observed Defendant LAMANNA engaged in a physical altercation with Leon Pearson, whereupon Plaintiff urged Leon Pearson to comply with Defendant LAMANNA.

27.     Defendant LAMANNA thereafter exited the front door, spun Plaintiff around, kicked Plaintiff with full force in his ankle, and "slammed" Plaintiff onto his driveway.

28.     Defendant LAMANNA thereafter arrested Plaintiff in the absence of probable cause that Plaintiff committed any criminal offense.

29.     After Plaintiff was handcuffed, Defendant LAMANNA proceeded to kick Plaintiff with full force in the area of Plaintiff's axilla (i.e., underarm), resulting in physical injury to Plaintiff.

30.     Plaintiff was then placed in the back of a police vehicle, where Plaintiff experienced difficulty breathing due to his injuries.

31.     Fire-Rescue responded to Plaintiff's residence, whereupon Plaintiff was transported to Plantation General Hospital for medical care, due to the conduct of Defendant LAMANNA.

32.     As a result of the conduct of Defendant LAMANNA, Plaintiff suffered injury to his shoulder and ankle, including chronic tendinopathy of the shoulder and persistent ankle swelling.

33.     Defendant LAMANNA subsequently prepared a "Notice to Appear" and

5

"Offense Incident Report," for submission to prosecuting authorities, containing false statements and material omissions, wherein Defendant LAMANNA alleged that Plaintiff committed the offense of "obstruction without violence."

34.    At all times material hereto, Defendant LAMANNA knew that the "Notice to Appear" and "Offense Incident Report" would be relied upon by prosecuting authorities for the institution and continuation of criminal proceedings against Plaintiff.

35.    The "Notice to Appear" prepared by Defendant LAMANNA for submission to prosecuting authorities contained false statements, insofar as the "Notice to Appear" falsely alleged that "Rostell Justice attempt[ed] to obstruct my investigation by obstructing my path of travel as I was attempting to interview suspect," when in fact Plaintiff never physically obstructed or impeded Defendant LAMANNA during the course of his investigation. (Defendant LAMANNA also issued a notice to appear to Sarita Johnson containing an identical allegation, to wit: that Sarita Johnson "attempted to obstruct my investigation by obstructing my path of travel as I was attempting to interview suspect.")

36.    The "Notice to Appear" prepared by Defendant LAMANNA for submission to prosecuting authorities contained false statements, insofar as the "Notice to Appear" falsely alleged that "Mr. Justice then physically attempted to move my person in such investigation," when in fact Plaintiff never "physically attempted to move" Defendant LAMANNA. (Defendant LAMANNA also issued a notice to appear to Sarita Johnson containing an identical allegation, to wit: that "Ms. Johnson then physically attempted to move my person in above investigation.")

37.    The "Offense Incident Report" prepared by Defendant LAMANNA for submission to prosecuting authorities contained false statements, insofar as the "Offense Incident

6

Report" falsely alleged that Plaintiff refused Defendant LAMANNA's "lawful command to return to his residence," when in fact Defendant LAMANNA did not order Plaintiff to return to his residence, and alternatively, lacked the legal authority to exclude Plaintiff from standing outside his own residence for the purposes of observing Defendant LAMANNA and reporting Defendant LAMANNA's conduct to the 911 dispatcher.

38.     The "Offense Incident Report" prepared by Defendant LAMANNA for submission to prosecuting authorities contained false statements, insofar as the "Offense Incident Report" falsely alleged that Sarita Johnson and Plaintiff "positioned themselves between myself and the suspect. As I attempted numerous times to reposition myself to view the suspect, both Mr. Justice and Ms. Johnson moved accordingly both continuing to yell obscenities," when in fact, Plaintiff never positioned himself between Defendant LAMANNA and any other person, remained on his property at all times, and never yelled obscenities at Defendant LAMANNA.

39.     The "Offense Incident Report" prepared by Defendant LAMANNA for submission to prosecuting authorities contained false statements, insofar as the "Offense Incident Report" falsely alleged that as Ronnie Hoggins fled, Plaintiff and Sarita Johnson "repositioned themselves in my path causing me to have to go around them," when in fact Plaintiff never positioned or repositioned himself between Defendant LAMANNA and any other person, and as evidenced by Plaintiff's 911 call, Plaintiff was unaware of that Ronnie Hoggins fled from Defendant LAMANNA as Plaintiff was speaking with 911.

40.     The "Offense Incident Report" prepared by Defendant LAMANNA for submission to prosecuting authorities contained false statements, insofar as the "Offense Incident Report" falsely alleged that "approximately six to eight black males and females including Mr.

7

Justice and Ms. Johnson who were pulling at myself and Mr. Pearson attempting to prevent Mr. Pearson from being taken into custody, when in fact, Plaintiff never "pulled" at Defendant LAMANNA nor attempted to prevent Defendant LAMANNA from arresting Leon Pearson or any other person.

41.     On or about August 14, 2006, the Broward County State Attorney's Office filed a "nolle prosequi" as to all criminal charges against Plaintiff.

42.     The conduct of Defendant LAMANNA occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### PLAINTIFF'S FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT LAMANNA, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant LAMANNA, individually, in Count I, Plaintiff states:

43.     Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 42.

44.     Defendant LAMANNA, by direct act or indirect procurement, personally participated in or proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

45.     The conduct of Defendant LAMANNA towards Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from arrest in the absence of probable cause.

46.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering.

8

47.     As a further direct and proximate result of the conduct of Defendant LAMANNA, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  The losses are either permanent or continuing and plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

a)     Judgment for compensatory damages in excess of $ 15,000 dollars;

b)     Judgment for exemplary damages;

c)     Cost of suit;

d)     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

e)     Trial by jury as to all issues so triable; and

f)     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
## PLAINTIFF'S UNLAWFUL SEARCH CLAIM AGAINST
## DEFENDANT LAMANNA, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant LAMANNA, individually, in Count II, Plaintiff states:

48.     Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 42.

49.     Defendant LAMANNA entered Plaintiff's residence without a search warrant or other lawful authority.  *Welsh v. Wisconsin*, 104 S.Ct. 2091 (1984).

50.     The conduct of Defendant LAMANNA towards Plaintiff was objectively

9

unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 to be secure in his house, papers, and effects, against unreasonable search and seizure.

51.    As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation and mental suffering.

52.    As a further direct and proximate result of the conduct of Defendant LAMANNA, Plaintiff suffered mental anguish and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

a)    Judgment for compensatory damages in excess of $ 15,000 dollars;

b)    Judgment for exemplary damages;

c)    Cost of suit;

d)    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

e)    Trial by jury as to all issues so triable; and

f)    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III
### EXCESSIVE FORCE CLAIM AGAINST DEFENDANT LAMANNA, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant LAMANNA, individually, in Count III, Plaintiff states:

53.    Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations

10

of paragraphs 1 through 42.

54.     The force used by Defendant LAMANNA was unreasonable and unnecessary for Defendant LAMANNA to defend himself or any other person from bodily harm during the arrest of Plaintiff.

55.     The force used by Defendant LAMANNA was objectively unreasonable and constitutes the excessive use of force, in violation of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

56.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

57.     As a further direct and proximate result of the conduct of Defendant LAMANNA, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's clearly established rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

a)      Judgment for compensatory damages in excess of $ 15,000 dollars;

b)      Judgment for exemplary damages;

c)      Cost of suit;

d)      Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

e)      Trial by jury as to all issues so triable; and

11

f)     Such other relief as this Honorable Court may deem just and appropriate.

**COUNT IV**
**FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST**
**DEFENDANT ALFRED T. LAMBERTI, AS SHERIFF OF BROWARD COUNTY**

For his cause of action against Defendant ALFRED T. LAMBERTI, as SHERIFF of BROWARD COUNTY, in Count IV, Plaintiff states:

58.     Plaintiff realleges and adopts, as if fully set forth in Count IV, the allegations of paragraphs 1 through 42.

59.     Defendant LAMANNA proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

60.     The conduct of Defendant LAMANNA was in absence of lawful authority, and constitutes false arrest/false imprisonment of Plaintiff under Florida law.

61.     The false arrest/false imprisonment of Plaintiff by Defendant LAMANNA was committed by Defendant LAMANNA in the course and scope of his employment as a deputy sheriff for Defendant ALFRED T. LAMBERTI, as SHERIFF of BROWARD COUNTY.

62.     As a direct and proximate result of the acts described above, Plaintiff has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

63.     As a further direct and proximate result of the conduct of Defendant ALFRED T. LAMBERTI, as SHERIFF of BROWARD COUNTY, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment,

12

loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

a)    Judgment for compensatory damages in excess of $15,000.00 dollars;

b)    Cost of suit;

c)    Trial by jury as to all issues so triable; and

d)    Such other relief as this Honorable Court may deem just and appropriate.

**COUNT V**
**FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST**
**DEFENDANT LAMANNA, INDIVIDUALLY**

For his cause of action against Defendant LAMANNA, individually, in Count V, Plaintiff states:

64.    Plaintiff realleges and adopts, as if fully set forth in Count V, the allegations of paragraphs 1 through 42.

65.    Defendant LAMANNA, individually, proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

66.    The conduct of Defendant LAMANNA, individually, was in absence of lawful authority, and constitutes false arrest/false imprisonment of Plaintiff under Florida law.

67.    Alternatively to the allegations set forth in Count IV, if the false arrest/false imprisonment of Plaintiff by Defendant LAMANNA, individually, occurred outside the course and scope of his employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the false

13

arrest/false imprisonment of Plaintiff was committed by Defendant LAMANNA in his individual capacity.

68.     As a direct and proximate result of the acts described above, Plaintiff has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

69.     As a further direct and proximate result of the conduct of Defendant LAMANNA, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  The losses are either permanent or continuing and plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

a)     Judgment for compensatory damages in excess of $15,000.00 dollars;

b)     Judgment for exemplary damages;

c)     Cost of suit;

d)     Trial by jury as to all issues so triable; and

e)     Such other relief as this Honorable Court may deem just and appropriate.

**COUNT VI**
**BATTERY/UNNECESSARY FORCE CLAIM AGAINST**
**DEFENDANT ALFRED T. LAMBERTI, AS SHERIFF OF BROWARD COUNTY**

For his cause of action against Defendant ALFRED T. LAMBERTI, as SHERIFF of BROWARD COUNTY in Count VI, Plaintiff states:

14

70.     Plaintiff realleges and adopts, as if fully set forth in Count VI, the allegations of paragraphs 1 through 42.

71.     The use of force towards Plaintiff by Defendant LAMANNA was objectively unreasonable and clearly excessive under the circumstances, and unnecessary for Defendant LAMANNA to defend himself or any other person from bodily harm during the arrest of Plaintiff, and resulted, as Defendant LAMANNA reasonably should have foreseen, in a harmful and offensive contact of Plaintiff, against his will.

72.     The battery/unnecessary use of force against Plaintiff by Defendant LAMANNA occurred during the course and scope of his employment as a police officer for Defendant ALFRED T. LAMBERTI, as SHERIFF of BROWARD COUNTY.

73.     As a direct and proximate result of the acts described herein, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

74.     As a further direct and proximate result of the conduct of Defendant ALFRED T. LAMBERTI, as SHERIFF of BROWARD COUNTY, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

a)      Judgment for compensatory damages in excess of $ 15,000 dollars;

15

b)      Cost of suit;

c)      Trial by jury as to all issues so triable; and

d)      Such other relief as this Honorable Court may deem just and

appropriate.

## COUNT VII
## BATTERY/UNNECESSARY FORCE CLAIM AGAINST
## DEFENDANT LAMANNA, INDIVIDUALLY

For his cause of action against Defendant LAMANNA, individually, in Count VII, Plaintiff states:

75.      Plaintiff realleges and adopts, as if fully set forth in Count VII, the allegations
of paragraphs 1 through 42.

76.      The use of force towards Plaintiff by Defendant LAMANNA was objectively
unreasonable and clearly excessive under the circumstances, and unnecessary for Defendant
LAMANNA to defend himself or any other person from bodily harm during the arrest of Plaintiff,
and resulted, as Defendant LAMANNA reasonably should have foreseen, in a harmful and offensive
contact of Plaintiff, against his will.

77.      Alternatively to the allegations set forth in Count VI, if the conduct of
Defendant LAMANNA occurred outside the course and scope of his employment for Defendant
ALFRED T. LAMBERTI, as SHERIFF of BROWARD COUNTY, or was committed in bad faith
or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights,
safety, or property, then the battery/unnecessary force was committed by Defendant LAMANNA in
his individual capacity.

78.      As a direct and proximate result of the acts described herein, Plaintiff has
suffered grievously, has been brought into public scandal, with great humiliation, mental suffering,

16

and damaged reputation.

79.     As a further direct and proximate result of the conduct of Defendant LAMANNA, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

a)      Judgment for compensatory damages in excess of $ 15,000 dollars;

b)      Judgment for exemplary damages;

c)      Cost of suit;

d)      Trial by jury as to all issues so triable; and

e)      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VIII
## MALICIOUS PROSECUTION AGAINST DEFENDANT LAMANNA, INDIVIDUALLY

For his cause of action against Defendant LAMANNA, individually, in Count VIII, Plaintiff states:

80.     Plaintiff realleges and adopts, as if fully set forth in Count VIII, the allegations of paragraphs 1 through 42.

81.     No reasonably cautious police officer in the position of Defendant LAMANNA would have believed Plaintiff was guilty-in-fact of any criminal offense.

82.     Defendant LAMANNA proximately caused criminal proceedings to be

17

instituted or continued against Plaintiff with malice and in the absence of probable cause that Plaintiff committed any criminal offense by causing his "Notice to Appear" and "Offense Incident Report" to be submitted to prosecuting authorities containing materially false statements and material omissions.

83.     The conduct of Defendant LAMANNA was reckless and without regard to whether the institution or continuation of criminal proceedings against Plaintiff were justified.

84.     At all times material hereto, Defendant LAMANNA knew that the "Notice to Appear" and "Offense Incident Report" would be submitted to prosecuting authorities, and would be relied upon by prosecuting authorities for the institution and continuation of criminal charges against Plaintiff.

85.     The criminal proceedings instituted and/or continued by Defendant LAMANNA reached a bona fide resolution in Plaintiff's favor.

86.     As a direct and proximate result of the acts described above, Plaintiff has suffered grievously and has been brought into public scandal, with great humiliation, and mental suffering.

87.     As a further direct and proximate result of the conduct of Defendant LAMANNA, individually, Plaintiff suffered loss of his liberty and freedom, mental anguish, loss of capacity for the enjoyment of life, and incurred attorney's fees in the defense of the charges commenced and/or continued against him, in violation of Plaintiff's rights.   Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

18

a)   Judgment for compensatory damages in excess of $ 15,000 dollars;

b)   Judgment for exemplary damages;

c)   Cost of suit;

d)   Trial by jury as to all issues so triable; and

e)   Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

88.   Plaintiff demands trial by jury on all issues so triable as of right.

**DATED** this 26 day of December, 2007, in Hollywood, Florida.

By: _____

Hugh L. Koerner
Florida Bar No.: 716952
Email: hlkpa@fdn.com
Hugh L. Koerner, P.A.
Sheridan Executive Centre
3475 Sheridan Street, Suite 208
Hollywood, FL 33021
Telephone: (954) 522-1235
Facsimile:  (954) 522-1176
**Attorneys for Plaintiff Rostell Justice**

19

°JS 44  (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
ROSTELL JUSTICE,

### DEFENDANTS
NICHOLAS LAMANNA, individually, and ALFRED T. LAMBERTI, as SHERIFF of BROWARD COUNTY, Florida,

**(b)** County of Residence of First Listed Plaintiff   Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Broward
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hugh L. Koerner, Esq., Hugh L. Koerner, P.A., Sheridan Executive Centre, 3475 Sheridan Street, Suite 208, Hollywood, FL 33021, Tel.: 954/522-1235

Attorneys (If Known)

07cv 61894-CMA/WCT

*(stamped overlay)* 07-61894-CIV-ALTONAGA  MAGISTRATE JUDGE TURNOFF

FILED by ___ DEC 2 6 2007  CLARENCE MADDOX CLERK U.S. DIST. CT. S.D. FLA. FT. LAUD.

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☑ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☑ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO

JUDGE ___   DOCKET NUMBER ___

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

False arrest and excessive force pursuant to 42 U.S.C. Section 1983

LENGTH OF TRIAL via  4  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  15,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  December 26, 2007

FOR OFFICE USE ONLY

AMOUNT  $350.00   RECEIPT #  541891   IFP